IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

DANIEL RAY GARCIA,                          §
Institutional ID No. 10803,                  §
                                             §
            Plaintiff,                       §
                                             §
v.                                           §    CIVIL ACTION NO. 5:21-CV-087-BQ
                                             §
SUSAN MURPHREE,                              §
                                             §
            Defendant.                       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding *pro se* and *in forma pauperis*, Daniel Ray Garcia filed this action under 42

U.S.C. § 1983, alleging violations of his constitutional rights in connection with a pending state

criminal action.  Compl. 3–8, ECF No. 1.[1]  Garcia requests a jury trial and asks the Court to

(1) award him $1,000,000.00 per "week [until] the [Defendant] resigns or quits" and (2) require

production of "a copy of every motion [he] [has] filed" in that action.  *Id.* at 4, 8.

Garcia filed his Complaint on April 13, 2021.  ECF No. 1.  The United States District Judge

transferred this case to the undersigned United States Magistrate Judge for screening under 28

U.S.C. §§ 1915 and 1915A.  ECF No. 7.  The undersigned thereafter reviewed Garcia's Complaint,

and ordered Garcia to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93

(5th Cir. 1976), which he timely completed and returned.  ECF Nos. 9, 10.

Not all parties have consented to proceed before the undersigned magistrate judge.  In

accordance with the order of transfer, the undersigned makes the following findings, conclusions,

and recommendation to the United States District Judge.

---

[1] Citations to Garcia's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

## I.    <u>Standard of Review</u>

A court must dismiss a complaint filed by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* 28 U.S.C. § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such

plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II.    Discussion

### A. Garcia's Claims

Garcia's Complaint names a single Defendant: Texas 106th Judicial District Clerk Susan Murphree. Compl. 1, 3, 6. Garcia sues Murphree in both her individual and official capacities (*id.* at 6) and contends that Murphree unlawfully charges him $1.00 per page for copies of "filed motions [he] need[s]" for his pending pro se criminal case. *Id.* at 3. According to Garcia this constitutes "cruel and unusual punishment" and violates his due process and equal protection rights. Questionnaire 1, ECF No. 10.

Garcia explains that he has been proceeding pro se in his state criminal case since January 2020 and initially "had no problems get[ting] motion cop[ies] . . . sent back." Compl. 4. Beginning in 2021, however, Garcia alleges that Defendant Murphree began "sending [him] [a] letter with [his] motion on it say[ing] [it has] Been filed" but due to "a new Government law . . . if [he] want[s] [a] copy . . . she will have to charge" for the service. *Id.* Claiming indigency, Garcia asserts that he has "a Right to . . . these Document[s] if [he] can not pay for them." *Id.* at 8. Absent Defendant Murphree providing free copies, Garcia asserts prejudice in that he: (1) cannot know for certain whether his motions have been filed; (2) "may need the [copies] for Appeal[;] and (3) will need the[m] for a motion hearing at pretrial." Questionnaire 2. Ultimately, he avers that he "can not make a Defense like this [and he] will not have a fair trial" because "if the Clerk is corrupt the hole [sic] 106th District" must be corrupt. Compl. 4; Questionnaire 3.

In response to the Court's questionnaire, Garcia also explains that he believes the state court violated his Eighth and Fourteenth Amendment rights by denying his motion for a change of

3

venue. Questionnaire 2. He alleges "it is cruel and unusual punishment knowing that this District of the 106th is prejudice[d] and will not Grant [him] chang[e] of venue." *Id.* at 3. Regarding the Fourteenth Amendment, he claims that he cannot prepare for his case because "the prejudice is so Grate [sic] in this . . . district." *Id.* Moreover, he contends the "Clerk is violating [his] [procedural and substantive] due process right the Judge is vilating [his] [procedural and substantive] due process right the hole District is in violation [sic all]." *Id.* In support, he asserts that he has "Been in Jail 2 years and ha[s] not had a[n] expert Granted for [his] case," despite filing "motion after motion for experts." *Id.* He directs these claims at Defendant Murphree as well as Judge Reed A. Filley, District Attorney (DA) Philip Mack Furlow, Sheriff Ronny Pipkin, and Jail Administrator Tim Smith. *Id.* at 2.

### B. Garcia names defendants not amenable to suit.

Garcia attempts to bring claims against parties not amenable to suit under § 1983, including Judge Filley and District Attorney Furlow. Questionnaire 2.[2] Garcia takes issue with the state court's decision to deny his motions for the appointment of an expert and change of venue, and he seeks to hold both the judge and DA responsible. *Id.* at 2–3.

Judge Filley and DA Furlow enjoy absolute immunity for actions taken during the exercise of their duties as trial judge and prosecutor.[3] *See Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir.

---

[2] As to Defendants Filley and Furlow, the Court construes Garcia's claims as seeking only money damages for their alleged violations. *See* Compl. 8 (requesting monetary damages and a copy of the motions Defendant Murphree previously denied him); Questionnaire 2 (claiming that Judge Filley and DA Furlow, *inter alia*, are responsible for the denial of Garcia's motion to change venue), 3 (alleging Judge Filley violated Garcia's due process rights by denying his motions for expert testimony).

[3] Defendant Murphree is most likely shielded by immunity as well. "Court clerks 'have absolute immunity . . . for damages arising from acts they are specifically required to do under court order or at a judge's discretion'" and "qualified immunity for those routine duties not explicitly commanded by either court decree or judicial instruction." *Burnett v. Denman*, 368 F. App'x 603, 604 (5th Cir. 2010) (per curiam) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981)). For screening purposes, however, where Garcia's pleadings do not indicate that Defendant Murphree was "explicitly commanded by either court decree or judicial instruction" (*id.*), the Court assumes she is not entitled to absolute immunity. Likewise, at this time, the Court does not consider whether she may be entitled to qualified immunity.

2016) ("A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process." (internal quotation marks omitted)); *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) ("A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role."). Accordingly, Garcia's claims against Judge Filley and DA Furlow, i.e., failing to grant Garcia's motions, should be dismissed. *See Haney v. Schwab*, CIVIL ACTION NO. 19-10620, 2019 WL 6330795, at *2 (E.D. La. Nov. 5, 2019) (dismissing as frivolous claims against state district judge because he was entitled to judicial immunity), *R. & R. adopted by* 2019 WL 6330167 (E.D. La. Nov. 26, 2019); *Epps v. City of Dall. Police Dep't*, Civil Action No. 3:15-CV-3881-L, 2016 WL 1642946, at *1 (N.D. Tex. Apr. 26, 2016) (dismissing at screening claim against district attorney and state judge because they possessed absolute immunity under § 1983).

   C.  **The District Court should dismiss Garcia's claims against Sheriff Pipkin and Jail Administrator Smith because Garcia alleges no facts demonstrating personal involvement in the alleged constitutional violations. Moreover, any claims against Defendant Murphree based upon the trial court's denial of Garcia's motions to appoint an expert or change venue should similarly be dismissed.**

   Garcia contends that "the [w]hole [106th] District is in violation" of his constitutional rights due, in part, to the denial of his motions for change of venue and appointment of an expert, which he ascribes to Sheriff Pipkin, Jail Administrator Smith, and Defendant Murphree. Questionnaire 2–3. He does not, however, allege a single fact that connects any Defendant to the purported constitutional violations. *See id.* at 1–5. At most, he lumps them in with his allegations against the judge and DA, generally accusing each party of violating his rights but making no specific factual allegations against Sheriff Pipkin, Jail Administrator Smith, or Defendant Murphree. *Id.*

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Vague and non-specific allegations of wrongdoing cannot support a constitutional claim under § 1983. *Sias v. Louisiana*, 146 F. App'x 719, 720 (5th Cir. 2005) (per curiam) (holding that vague and conclusory allegations provide an insufficient basis for § 1983 claims); *Richards v. Johnson*, 115 F. App'x 677, 678 (5th Cir. 2004) (per curiam) (same); *Lloyd v. Jones*, CASE NO. 9:18-CV-211, 2019 WL 4786874, at *6 (E.D. Tex. Sept. 10, 2019) (quoting *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010)) ("The Court does not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'"), *R. & R. adopted by* 2019 WL 4747850 (E.D. Tex. Sept. 27, 2019). In evaluating the sufficiency of a complaint, while courts accept well-pleaded factual allegations as true, they do not credit assertions that merely restate the legal elements of a claim. *Chhim*, 836 F.3d at 469. And, despite courts applying a more lenient standard in evaluating complaints drafted by pro se litigants, those pleadings must nevertheless allege factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor*, 296 F.3d at 378).

Here, Garcia's allegations do not even approach vague and conclusory; they are practically non-existent with respect to Sheriff Pipkin and Jail Administrator Smith. As such, the district judge should dismiss any claims against them. *See Flowers v. Hunt Cnty.*, No. 93-1731, 1993 WL 455914, at *1 (5th Cir. Oct. 27, 1993) (affirming dismissal of claims and noting that inmate did "not allege[] sufficient facts to" show that the jail administrator was personally involved in any purported violations); *Blakely v. Andrade*, 360 F. Supp. 3d 453, 489 (N.D. Tex. 2019) ("Because he has not alleged that [the] Sheriff was personally involved in any alleged violations of his civil rights, his federal claims against her should be dismissed for failure to state a claim."). Similarly, Garcia alleges no facts suggesting that the Clerk had any involvement in the state court's decision

to deny the motions and, therefore, any claims against Defendant Murphree on this basis should be dismissed as well. *See Gressett v. Moore*, A-20-CV-230-RP, 2020 WL 1171954, at *2 (W.D. Tex. Mar. 11, 2020) ("To the extent Plaintiff sues Clerk of Court . . . he fails to allege she was personally involved. This failure is fatal to his claims."); *Dantzler v. Pope*, Civil Action No. 08– 3777, 2009 WL 959508, at *1 (E.D. La. Apr. 3, 2009) (dismissing claims because "[a]lthough plaintiff references unfavorable rulings against him by the judges, he fails to allege any personal involvement of th[e] Court's clerk of court, docket clerk or *pro se* desk supervisor").

### D. Garcia's copy claim against Defendant Murphree should be dismissed because he does not plead facts demonstrating a violation of his constitutional rights.

Garcia alleges that Defendant Murphree's failure to provide free copies of his pro se motions violated his constitutional rights. *See* Questionnaire 1–3. Garcia claims that without such copies, he (1) cannot know for certain whether his motions have been filed, (2) "may need the [copies] for Appeal[,] and (3) will need the[m] for a motion hearing at pretrial." *Id.* at 2.[4]

The Equal Protection and Due Process Clauses of the Fourteenth Amendment ensure that indigent defendants are "afforded as adequate appellate review as defendants who have money enough to buy transcripts." *Griffin v. Illinois*, 351 U.S. 12, 19 (1956). Accordingly, the United States Supreme Court has held that "there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Britt v. North Carolina*, 404 U.S. 226, 227 (1971). To invoke this right, the criminal defendant must first establish his indigency, and then show "the value of the transcript to the defendant in connection with the appeal or trial for which it is sought" and that no "alternative devices . . . would fulfill the same functions as a transcript." *Id.* "Even in the context of a criminal

---

[4] Liberally construing Garcia's claims for screening purposes, the Court makes no distinction between items filed or docketed with the clerk of court, e.g., a pleading, motion, etc., and a transcript reflecting trial or hearing testimony.

prosecution, where a person's liberty is at stake, the law is clear that a plaintiff is not entitled to free copies of transcripts and/or the record merely because he or she is indigent." *Washington v. Plano ISD*, Civil Action No. 4:15-CV-789, 2017 WL 2416331, at *2 (E.D. Tex. June 5, 2017) (quoting *Harless v. United States*, 329 F.2d 397, 398–99 (5th Cir. 1964) (per curiam) ("The statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in proposed or prospective litigation.")).

Courts have "consistently held that a . . . prisoner has no absolute right to copies of court records to search for possible defects" (*Bennett v. United States*, 437 F.2d 1210, 1211 (5th Cir. 1971) (per curiam)) or to "engage in a fishing expedition." *United States v. Gossett*, Criminal Action No. 4:16-cr-131-O, 2019 WL 7811193, at *1 (N.D. Tex. Apr. 1, 2019). Nor does a criminal defendant have a "need for free transcripts to decide issues or claims that have not yet been asserted." *Hudgens v. United States*, No. 3:18-CR-0573-B-BH, 2020 WL 6683127, at *2 (N.D. Tex. Nov. 12, 2020). "Rather, [a plaintiff] must show that his claims are not frivolous and that there is a specific need for the records." *Strehl v. Johnson Cnty.*, No. 3–03–CV–1708–L, 2003 WL 22305019, at *1 (N.D. Tex. Oct. 2, 2003).

Here, even assuming Garcia's *in forma pauperis* status establishes his indigency, he has not shown that he has a specific need for copies of his pro se motions relative to his trial defense *or* that he lacks access to an adequate alternative. First, as to Garcia's need for the copies, he offers three explanations: (1) a future appeal; (2) a motion hearing; and (3) to ensure that the motions were successfully filed. Questionnaire 2. Concerning his claim that he "may need" copies of the motions for appeal, the law provides that, if convicted, Garcia may obtain a complete trial transcript and record in preparation for his appeal. *See Britt*, 404 U.S. at 227; *Register v. Thaler*,

8

681 F.3d 623, 625 (5th Cir. 2012) ("Under Texas law, an indigent criminal defendant is entitled to a free copy of his trial transcript only if he takes a direct appeal."); *Ramirez v. Davis*, No. 4:17-CV-733-A, 2018 WL 6622203, at *2 (N.D. Tex. Dec. 18, 2018) (recognizing that a criminal defendant is entitled to "a trial transcript free of charge when it is necessary for meaningful appellate review"); *United States v. Bagby*, No. 10–CR–0134–CVE, 2011 WL 810709, at *2 (N.D. Okla. Mar. 1, 2011) ("Because defendant has not yet filed a direct appeal, his absolute right to a transcript does not apply at this time."). Accordingly, Garcia cannot show that his constitutional rights have been violated based on a speculative, prospective need.[5] *See Jackson v. Cooper*, No. CIV A. 06-0605, 2006 WL 2193427, at *5 (W.D. La. July 26, 2006) (concluding prisoner "fail[ed] to demonstrate a valid claim under 42 U.S.C. § 1983" where "[h]e want[ed] court records merely to *insure* that his rights were not violated"); *see also Hudgens*, 2020 WL 6683127, at *2 (noting "there is no need for free transcripts to decide issues or claims that have not yet been asserted"); *Bagby*, 2011 WL 810709, at *2 (denying motion for transcripts where "defendant ha[d] not yet been sentenced, and consideration of his request for transcripts . . . [was] premature").

Garcia also claims he needs the copies "for a motion hearing at pretrial." Questionnaire 2. He does not, however, provide any facts establishing "that [copies] [are] needed for an effective defense." *Britt*, 404 U.S. at 227. Garcia's unsupported claim reflecting his desire for copies for the hearing does not implicate the Constitution. *See United States v. Davis*, 369 F. App'x 546, 547 (5th Cir. 2010) (per curiam) (affirming denial of motion for free transcripts where prisoner "did not set forth the issues he intended to raise . . . or explain why the requested transcripts were necessary to decide those issues"); *United States v. Dellere*, No. 3:09-CR-307-N, 2012 WL 12994947, at *1 (N.D. Tex. Jan. 9, 2012) (denying defendant's request for a copy of transcripts

---

[5] Garcia alleges no facts showing: (1) a conviction and resulting sentence; (2) that he has filed an appeal; and (3) that he requested, and has been denied, a transcript or record sufficient for appellate review.

because he did not "explain why the detention transcripts . . . are necessary"); *see also Bagby*, 2011 WL 810709, at *2 (finding that "[t]he requested transcripts would not be useful to defendant in mounting any effective defense" where he "provided no explanation for his request" and it was "unclear to what use defendant would put [the] transcripts . . . at his upcoming sentencing hearing"); *Conner v. State*, 588 S.W.3d 702, 703–04 (Tex. App.—Waco 2019, no pet.) (per curiam) (citation omitted) (noting inmate must "present[] a specific, compelling reason for his entitlement to a free record").

The final reason Garcia offers for needing free copies is so he can ensure that the motions were successfully filed. Questionnaire 2. Garcia's own allegations, however, refute this concern. Per his Complaint, Defendant Murphree provided Garcia notice that the court received his pro se motions. *See* Compl. 4 (alleging Defendant Murphree began to "send[] [Garcia] [a] letter with [his] motion on it say[ing] they [have] Been filed"). Thus, Garcia's third rationale is unavailing.

Even assuming Garcia could establish a legitimate need for the copies, he must also demonstrate that no alternative means exists for fulfilling the same function. Garcia provides no explanation as to why the *state* must copy and return motions that Garcia *himself drafted*. *See id.* at 1–9; Questionnaire 1–5. In other words, he does not explain why the government must bear this burden when he has equal access to the documents. Courts are "not a copy service for indigent inmates." *Perry v. Johnson*, Civil Action No. H-97-0894, 2002 WL 35645589, at *2 (S.D. Tex. July 22, 2002); *see Lind v. Ballard*, Case No. 2:14-cv-26284, 2016 WL 11483825, at *9 (S.D. W. Va. Apr. 27, 2016) ("An indigent prisoner in a federal habeas action does not enjoy a right to free duplication of his self-drafted documents."), *R. & R. adopted by* 2016 WL 5346950 (S.D. W. Va. Sept. 23, 2016). Accordingly, Garcia has failed to meet his burden under *Britt*.

In sum, Garcia cannot show that Defendant Murphree violated his constitutional rights because he has not satisfied either prong of the *Britt* test (*Britt*, 404 U.S. at 227), and he does not possess a freestanding right to copies at the state's expense.[6] *See Joe v. Texas*, No. 3:18-CV-0009-G (BH), 2018 WL 1009258, at *3 (N.D. Tex. Jan. 22, 2018) ("There is no constitutional right to free copies of court records."), *R. & R. adopted by* 2018 WL 949230 (N.D. Tex. Feb. 16, 2018).

## III.    Recommendation

For these reasons, in accordance with 28 U.S.C. §§ 1915 and 1915A, the undersigned recommends that the United States District Court dismiss Garcia's Complaint and all claims therein with prejudice.

## IV.    Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

---

[6] In the absence of an underlying constitutional violation, Garcia cannot state a claim against Defendant Murphree in her individual or official capacities. *See, e.g., Tejada v. Knee*, No. 00-50037, 2000 WL 1056124, at *2 (5th Cir. July 18, 2000) (citing *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528–29 (5th Cir. 1999)) ("Because the plaintiffs failed to state a claim against any individual defendant, there is no underlying constitutional violation for which the municipal defendants can be derivatively liable on the basis of their policies or customs.").

court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996).

   Dated: June **70**, 2021.

                                        _____
                                        **D. GORDON BRYANT, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

12